**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ANGELINA MICHELLE, individually and on behalf of all others similarly situated<br>Plaintiff,<br>v.<br><br>PENSKE LOGISTICS LLC, and SOUTHSTAR LLC<br><br>Defendants. | Civil Action No. 4:18-cv-667<br><br>Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ANGELINA MICHELLE, on behalf of herself and others similarly-situated files this Original Complaint, and states:

**I.   NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of her regular rate of pay for all hours

worked in excess of 40 hours per workweek. Rather, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA and paid her primarily on a salaried basis and without regard to the number of hours Plaintiff actually worked.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

4. Plaintiff ANGELINA MICHELLE was employed by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action through the consent form attached as "Exhibit A."

5. The Plaintiff and Class Members are Defendants' current and former "Operations Supervisors" (or individuals who performed similar duties but were employed under distinct titles) and were paid primarily on salaried basis and/or not compensated for all hours worked, including overtime hours.

6. Defendant PENSKE LOGISTICS LLC ("Penske") conducts business in this District and can be served with process by and through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA.

7. Defendant SOUTHSTAR LLC ("Southstar") conducts business in this District and throughout the United States and can be served with process by and through its registered agent C T Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

## IV.   COVERAGE

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

15. Defendants each do more than $500,000.00 per year in business.

16. Plaintiff was employed directly by Defendant Southstar, a third-party contractor, during the three years prior to the filing of this lawsuit. In approximately November, 2017, Defendant

Southstar lost the contract covering Plaintiff's employment and was replaced by Defendant Penske. Plaintiff continued to be employed by Defendant Penske until approximately May 2018.

17. Regardless of whether Directly employed by Defendant Southstar or Defendant Penske, Plaintiff was employed as an "Operations Supervisor" for Defendants at a Tarrant County warehouse that supplies groceries to Kroger stores in North Texas.

18. In this capacity, Plaintiff was primarily responsible for overseeing Defendants' shipping services and was a task, rather than people, manager. Plaintiff did not possess the actual authority to hire, fire, or discipline employees. Defendants maintain a human resource department that is responsible for these "executive" functions.

19. Plaintiff was also responsible for other routine and nondiscretionary duties associated with providing Defendants' services to Defendants' clients, such as Kroger. Plaintiff did not exercise independent judgment and discretion in performing these job duties but was subject to the guidelines, command and control of Defendants' Senior Operations Managers (or individuals who performed similar supervisory duties over Plaintiff and the Class Members under distinct titles). These supervisory employees actually possessed "administrative" and binding authority for Defendants, rather than Plaintiff and the Class Members.

20. Plaintiff was neither required to possess a professional degree nor to have obtained a particular educational level in order to be employed by Defendants in this capacity. Consequently, Plaintiff was not employed in a "professional" capacity as recognized by the FLSA.

21. During the weeks covered by this lawsuit, Plaintiff regularly worked in excess of 40 hours per week; however, Defendants did not pay Plaintiff time-and-one-half the regular rate of pay for all of these hours worked over 40 hours per week. Instead, Plaintiff was classified as a

salaried, "exempt" employee. However, Plaintiff was not employed as an "exempt" administrator, executive, or professional and should have been entitled to the benefits the FLSA affords to non-exempt employees.

22. Defendants have knowledge of the FLSA and its requirements but knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of misclassifying Plaintiff and failing to pay overtime compensation to Plaintiff.

## VI.   COLLECTIVE ACTION ALLEGATIONS

23. During the period from three years prior to the filing of this suit until the filing of this suit, Defendants employed other individuals in a similar capacity as Plaintiff in that it paid these other Operations Supervisors (or individuals who performed similar duties under distinct titles) without regard to the number of compensable hours actually performed by paying them on a salary basis.  The Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay.  Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.  Although Defendants requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their precise job title, requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Class Members.

25. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members as set forth in ¶ V.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant period, Defendants violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants has acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII. RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

  d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

  e. For an Order granting such other and further relief as may be necessary and appropriate.

           Respectfully submitted,

           **FORESTER HAYNIE PLLC**

           _/s/ *Jay Forester*_____
           J. FORESTER
           Texas Bar No. 24087532*
           D. Matthew Haynie
           Texas Bar No. 24087692*
           1701 N. Market Street, Suite 210
           Dallas, Texas 75202
           (214) 210-2100 phone
           (214) 346-5909 fax
           *Previously admitted in this District

## CERTIFICATE OF SERVICE

The foregoing will be served on all Defendants along with the summons and in accordance with the Federal Rules of Civil Procedure.

           /s/ *J. Forester*
           **J. FORESTER**